# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Michael A. Breyan, #332098, | ) | Case No. 2:16-cv-3926-BHH-MGB |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Capt. Thomas Commander, et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff has filed this action pursuant to 42 U.S.C. § 1983, alleging that "excessive force" was used against him when he refused to come out of his cell. Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis*. This matter is before the Court upon Plaintiff's document filed in the record as a construed "Motion for Preliminary Injunction." (DE# 16). Pursuant to Title 28, U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(e) (D.S.C.), pretrial matters in cases involving *pro se* litigants are referred to the assigned United States Magistrate for consideration.

## I. Background

This is one of nine civil actions recently filed by the Plaintiff in federal court. The present civil action was filed on or about December 15, 2016. (DE# 1). On January 24, 2017, Plaintiff filed a document that was entered in the docket as a construed "Motion for Preliminary Injunction." (DE# 16). After three proper form orders, the case appeared substantially in proper form and was served. Upon motion, the Defendants have been granted several extensions of time (until June 23, 2017) in which to answer the Complaint. (DE# 35, 39).

Review of Plaintiff's document reflects that it is not actually a "motion." Rather, it appears to be a proposed order for the judge to sign. An exact duplicate is also attached. (DE# 16-2). Plaintiff's proposed order asks for the Court to order the Defendants to "show cause why a

preliminary injunction should not issue." (DE# 16). As for what conduct he seeks to enjoin, Plaintiff cryptically states that he wants to enjoin "the defendants, their successors in office, agents [for] the employees and all other person s acting in concert and participation with them, from South Carolina." Nothing in the order sheds any light on what specific conduct the Plaintiff wishes to enjoin. No brief explaining the proposed order has been submitted by Plaintiff.

A preliminary injunction or temporary restraining order ("TRO") is "an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also U.S. Dep't of Labor v. Wolf Run Mining Co.*, 452 F.3d 275, 281 n.1 (4th Cir. 2006). To obtain a TRO, a plaintiff must show:

(1) that he is likely to succeed on the merits,

(2) that he is likely to suffer irreparable harm in the absence of preliminary relief,

(3) that the balance of equities tips in his favor, and

(4) that an injunction is in the public interest.

*Winter*, 555 U.S. at 20. "All four requirements must be satisfied." *Cantley v. W. Va. Reg'l Jail & Corr'l Facility Auth.*, 771 F.3d 201, 207 (4th Cir. 2014). Plaintiff, as the party seeking injunctive relief, bears the burden of showing that all four *Winter* factors are satisfied. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (observing that the party seeking the TRO "bears the burden of establishing that each of these factors supports granting the injunction") (quoting *Technical Publishing Co. v. Lebhar-Friedman, Inc.*, 729 F.2d 1136, 1139 (7th Cir. 1984)).

Plaintiff has failed to make any showing on any of the four *Winter* factors. Even with the liberal construction afforded to *pro se* filings, no viable basis for Plaintiff's motion can be discerned. The requested "relief" is vague and not specific. Plaintiff does not coherently indicate

what relief he seeks, nor does he allege any grounds to support his construed motion. Thus, Plaintiff has failed to show any basis for issuance of a preliminary injunction or TRO.

Accordingly, the Magistrate Judge recommends that Plaintiff's "Motion for Preliminary Injunction" (DE # 16) should be **denied**.

**IT IS SO RECOMMENDED.**

_____

May 23, 2017  MARY GORDON BAKER
Charleston, South Carolina  UNITED STATES MAGISTRATE JUDGE

The plaintiff's attention is directed to the **Important Notice** on following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).