IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Michael A. Breyan, #332098, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:16-cv-3926-BHH |
| v. | ) | |
| | ) | |
| Capt. Thomas Commander, | ) | **ORDER** |
| A/W Kenneth Sharp, and Warden | ) | |
| Cecilia Reynolds, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's pro se complaint filed pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On May 25, 2017, Magistrate Judge Mary Gordon Baker considered Plaintiff's "motion for preliminary injunction and a temporary restraining order" and issued a report and recommendation ("Report") outlining the issues and recommending that the Court deny Plaintiff's motion based on his failure to make any showing that he is entitled to the requested relief. Attached to the Magistrate Judge's Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to

which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that Plaintiff has failed to assert any viable basis for the Court to grant the relief he seeks.

Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 41) and denies Plaintiff's "motion for preliminary injunction and a temporary restraining order" (ECF No. 16).

**IT IS SO ORDERED.**

s/Bruce Howe Hendricks<br>United States District Judge

June 13, 2017
Charleston, South Carolina